ON PETITION FOR REHEARING
Plaintiffs in error have filed a petition praying for a rehearing.
It is contended that the court may assume that some legal action was taken by the plaintiffs in error to recover the amount of the claim prior to the date of May 31st, 1928, when it filed its answer in the foreclosure suit praying affirmative relief. There is nothing in the record to indicate that any prior action was taken by the plaintiff in error to enforce its lien by legal action and, therefore, the court is bound to assume that the record here shows the *Page 89 
entire basis for the appellant's right to recover. Aside from this, there is a stipulation by counsel in the record which confines the consideration of this Court to the papers appearing in the record.
It is also contended in the petition for rehearing that as the question of the right of the appellant to enforce his lien at the time he filed his answer referred to in the original opinion was not raised in the lower court this Court went beyond the scope of its appellate province in acting upon this question.
The existence and the right to enforce liens such as are here under consideration are statutory and it is elementary that the statutes must be strictly complied with by the lien claimant to entitle him to the benefit of such statutes.
Under the statute the lien is not enforceable by suit after the expiration of twelve months from the record of the notice of lien, if notice has been recorded, or after twelve months from the performance of the labor or furnishing of materials if no notice of lien has been recorded. Sec. 3530, Rev. Gen. Stats. 5393 Comp. Gen. Laws, 1927; Weaver-Loughridge Lumber Company doing business as Pinellas Lumber Company v, Hobson, opinion filed at this term of the Court.
The petition for rehearing should be denied and it is so ordered.
Rehearing denied.
WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur.
TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment. *Page 90